**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4866

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY MACK, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:04-cr-00226)

Submitted: February 15, 2007      Decided: February 20, 2007

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Kimlani Murray Ford, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Mack, Jr., pled guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base, one count of possession of a firearm during and in relation to a drug trafficking crime, and one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1); 924(c)(1); 21 U.S.C. § 841 (2000). Mack was sentenced by the district court to a total of 137 months' imprisonment. We affirm the convictions and sentence.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal, but raising the issue of whether the Government's failure to request a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1 (2005) was improper. Mack was informed of his right to file a pro se supplemental brief, but did not do so, and the Government elected not to file a responsive brief.

The decision to file a § 5K1.1 motion is solely within the Government's discretion. United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). Therefore, unless the Government has obligated itself in a plea agreement to file a substantial assistance motion, its refusal to do so is not reviewable unless it was based on an unconstitutional motive or not rationally related

to a legitimate Government end.  <u>Wade v. United States</u>, 504 U.S. 181, 185-87 (1992).

Mack's plea agreement provided that if the Government, "in its sole discretion," determined that Mack had rendered substantial assistance, it "may make a motion pursuant to U.S.S.G. § 5K1.1 for imposition of a sentence below the applicable Sentencing Guidelines."  Thus, because the Government retained its discretion to file a § 5K1.1 motion, and Mack has failed to establish that the Government's refusal to file was either based on an unconstitutional motive or not rationally related to a legitimate Government end, the issue is not reviewable on appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm Mack's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

- 3 -